UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMARA N. W.

                            Plaintiff,

v.                                                                                    1:20-CV-1696
                                                                                      (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>BENJAMIN SACHS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SCOTT ELLIOTT, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1971. (T. 105.) She completed high school. (T. 240.) Generally, Plaintiff's alleged disability consists of degenerative disc disease, bulging disc in neck, narcolepsy, anxiety, seizure, irritable bowel syndrome, gastric impairment, and nerve damage. (T. 102.) Her alleged disability onset date is April 12, 2016. (*Id.*) Her date last insured is June 30, 2017. (T. 120.) Her past relevant work consists of residential staff. (T. 240.)

### B. Procedural History

On February 6, 2018, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 209.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 28, 2019, Plaintiff appeared before the ALJ, Brian LeCours. (T. 25-76.) On November 20, 2019, ALJ LeCours issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-24.) On September 24, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-20.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2017, and Plaintiff had not engaged in substantial gainful activity since April 12, 2016. (T. 15.) Second, the ALJ found Plaintiff had the

severe impairments of heart disease, syncope, degenerative disc disease of the lumbar and cervical spine, hypertension, and abdominal pain status post gastric bypass surgery. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 17.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except she can occasionally balance, crawl and climb ramps, stairs, ladders, ropes, or scaffolds; and as a protective measure, she must avoid exposure to hazardous conditions such as unprotected heights and dangerous machinery. (T. 17.)[1] Fifth, the ALJ determined Plaintiff capable of performing past relevant work as a residence supervisor. (T. 20.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ's RFC finding was not supported by substantial evidence. (Dkt. No. 12 at 7-10.) Plaintiff also filed a reply in which she deemed no reply necessary. (Dkt. No. 15.)

### B. Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

In response, Defendant makes two arguments.  Defendant argues the ALJ reasonably assessed the administrative finding provided by consultative examiner John Schwab, D.O.  (Dkt. No. 14 at 9-14.)  Second, and lastly, Defendant argues Plaintiff has not established that any error in assessing Dr. Schwab's opinion was harmful because she had not shown that it is inconsistent with the RFC or precluded her from performing her past relevant work.  (*Id.* at 15-19.)

## III.    RELEVANT LEGAL STANDARD

### B.    Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d

Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV. ANALYSIS

Plaintiff argues the ALJ erred in rejecting the more limiting aspects of Dr. Schwab's opinion based on a single one-sentence conclusory reason. (Dkt. No. 12 at 7.)  For the reasons outlined below, the ALJ properly assessed Dr. Schwab's

administrative finding and the ALJ's determination was supported by substantial evidence.

Under 20 C.F.R. §§ 404.1520c and 416.920c the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)[2]. The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* §§ 404.1520c(b), 416.920c(b).

On March 30, 2018, Dr. Schwab examined Plaintiff and provided a medical source statement. (T. 1023-1026.) On examination, Dr. Schwab observed cervical spine flexion 20 degrees, extension 10 degrees, lateral flexion right 30 degrees and left 30 degrees, and rotation right 45 degrees and left 45 degrees. (T. 1025.) Dr. Schwab opined, in part, Plaintiff had "marked restriction to move her head in any directions." (T. 1026.)

The ALJ found Dr. Schwab's administrative finding "persuasive," reasoning the opined limitations were consistent and fully supported by the medical record, which demonstrated Plaintiff had managed her symptoms without significant long-term medical intervention. (T. 19.) The ALJ also found Dr. Schwab's finding, that Plaintiff

---

[2] A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record. 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

had "marked" limitation in her ability to move her head, unpersuasive. (*Id.*) The ALJ reasoned the limitation was unsupported by the medical record, "which demonstrated minimal treatment for Plaintiff's cervical spine impairment." (*Id.*)

The ALJ properly assessed Dr. Schwab's finding of marked restrictions in head movement and his determination was supported by substantial evidence. In general, the ALJ has the duty to evaluate conflicts in the evidence. *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted).

Here, the ALJ concluded Dr. Schwab's marked restriction was inconsistent with treatment notations indicating Plaintiff's symptoms were controlled with prescription medication and imagining which showed "no acute abnormality." (T. 18-19.) Although brief, the ALJ's explanation and written decision allow the Court to "trace the path of [his] reasoning" for not adopting the doctor's finding. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01; *see Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.")).

In his assessment of Plaintiff's cervical spine impairment, the ALJ appropriately relied on the minimal medical treatment records during the relevant time period. *Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (ALJ properly considered plaintiff's lack of treatment undermined his claims disability). The ALJ discussed Plaintiff's cervical impairment noting that during the relevant time period Plaintiff received minimal medical treatment for this impairment. (T. 18.) The ALJ considered Plaintiff was prescribed medication and imagining of her lumbar spine showed "no acute abnormality." (T. 18-19.)

Indeed, treatment records in April 2013, indicated Plaintiff fell injuring her left shoulder and cervical neck. (T. 180.) On exam she had reduced range of lateral rotation and no cervical muscle spasm. (T. 1223.) She was assessed with cervicalgia, advised to obtain an MRI, neurology opinion, and physical therapy. (T. 1225.) In January 2016, Plaintiff presented for a "regular follow up visit" and medication refill. (T. 1038.) She denied neck pain. (T. 1039.) The provider did not examine her cervical spine, but noted she had full strength in all muscle groups, intact sensation, and normal reflexes and gait. (T. 1040.) In January 2016, Plaintiff also sought emergency care for left lower quadrant pain with nausea and vomiting. (T. 346.) In March 2016, Plaintiff presented with hip, low back pain, and constipation. (T. 1035.) In September 2017, Plaintiff was found unresponsive and received emergency treatment. (T. 567.) Plaintiff presented to a provider complaining of "neck pain" which started after a "recent fall." (T. 742.) The provider noted a CT of the cervical spine was "negative." (*Id.*) Therefore, the ALJ did not err in concluding Dr. Schwab's assessment of "marked" limitations in head movement was not supported by evidence in the record.

In his decision, ALJ also explained Plaintiff's collective symptoms, which included complaints related to her cervical spine, were inconsistent with her ability to perform varied daily activities.  (T. 19.)  The ALJ considered Plaintiff's ability to perform personal care, cook, clean, shop, attend church, and care for two adolescent sons. (T.18-19.)  Therefore, Plaintiff's daily activities are inconsistent with Dr. Schwab's finding that Plaintiff had marked restriction in movement of the head.  (T. 19); *Jacob M. v Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *3n.4 (W.D.N.Y. Jan. 6, 2022) (noting that an ALJ's discussion of a claimant's daily activities provided support for the ALJ's rejection of opinions even though the "ALJ did not expressly list these reasons in the section discussing [the] opinions" because "his rationale can be gleaned from the decision as a whole").

Lastly, the ALJ also assessed and found persuasive the prior administrative finding of non-examining State agency medical consultant Dr. Shukla.  (T. 19.)  Dr. Shukla reviewed Plaintiff's record including Dr. Schwab's examination and findings. The doctor opined Plaintiff could perform the exertional demands of light work with the need to avoid hazards, but no additional non-exertional limitations.  (T. 17, 19, 108-110.)

Overall, the ALJ properly assessed Dr. Schwab's finding of marked limitation in head movement.  The ALJ reasoned the opined limitation was not supported by Plaintiff's lack of treatment and her ability to perform activities of daily living.  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme

Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

    **ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:    October 12, 2022

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge